TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00360-CR


NO. 03-97-00389-CR






Michael Ray Ferrell, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NOS. 35,546 & 45,131, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING






In June 1987, in Bell County cause number 35,546, appellant pleaded guilty to burglary
of a habitation. The district court adjudged him guilty and assessed punishment at imprisonment for ten
years and a $1000 fine, but suspended imposition of sentence and placed appellant on community
supervision for ten years. In April 1995, in Bell County cause number 45,131, appellant pleaded guilty to
debit card abuse. The court adjudged him guilty and assessed punishment at imprisonment for two years
and a $500 fine, but suspended imposition of sentence and placed appellant on community supervision for
five years.

In November 1996, a hearing was held on the State's motions to revoke community
supervision in these two causes. Appellant pleaded true to the allegations in the motions, but testified to
his resolve to live up to his obligations in the future. At the conclusion of the hearing, the court announced
that it was going to continue appellant on probation. The court added, "I'm going to put this off until we
can have a further report, and we'll have this thing set up for review." The court warned appellant, "And
if your behavior in the next six months is not above reproach you can expect to have the judge revoke your
probation and sentence you to a number of years in the penitentiary."

Appellant returned to the district court on these causes at a hearing held in May 1997. His
probation officer testified that he had failed to make certain payments and had not completed a required
life skills course. Appellant also testified, admitted his violations, and offered an explanation. At the
conclusion of the hearing, the court revoked community supervision in both causes. In cause number
35,546, our cause number 3-97-360-CR, the court sentenced appellant to imprisonment for ten years. 
In cause number 45,131, our cause number 3-97-389-CR, the court sentenced appellant to imprisonment
for two years and a $500 fine.

Appellant has filed a motion to dismiss his appeal in number 3-97-389-CR. The motion
is granted. See Tex. R. App. P. 42.2.

In number 3-97-360-CR, appellant brings forward a single point of error complaining that
he was not afforded due process of law in the revocation proceedings. Specifically, appellant complains
that after continuing him on community supervision in November 1996, the court was not constitutionally
authorized to revoke supervision in May 1997 in the absence of a new motion to revoke alleging violations
occurring or discovered after the previous hearing. See Rogers v. State, 640 S.W.2d 248, 263 (Tex.
Crim. App. 1982) (opinion on second motion for rehearing).

In Rogers, the Court of Criminal Appeals held that after a probationer is returned to
probation following a hearing on a motion to revoke, due process requires that his probation cannot
thereafter be revoked unless (1) a new motion to revoke is filed and (2) it is determined at a hearing that
he violated the probationary conditions after being returned to probation (or an earlier violation was
subsequently discovered). It was further held, however, that a probationer waives these due process rights
if he fails to object either at the time the court continues him on probation or at the time his probation is
actually revoked. Id. at 263-64. Appellant was represented by counsel at both the November 1996 and
May 1997 hearings. Appellant voiced no objection at the November hearing when the court announced
that it would revisit in six months the question of revoking appellant's supervision. At the May hearing,
appellant did not complain about the State's failure to file a new motion to revoke. We therefore hold that
appellant waived any due process complaint.

In number 3-97-389-CR, the appeal is dismissed on appellant's motion. In number 3-97-360-CR, the point of error is overruled and the order revoking community supervision is affirmed.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

No. 3-97-360-CR:  Affirmed

No. 3-97-389-CR:  Dismissed on Appellant's Motion


Filed: February 20, 1998


Do Not Publish


FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NOS. 35,546 & 45,131, HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING






In June 1987, in Bell County cause number 35,546, appellant pleaded guilty to burglary
of a habitation. The district court adjudged him guilty and assessed punishment at imprisonment for ten
years and a $1000 fine, but suspended imposition of sentence and placed appellant on community
supervision for ten years. In April 1995, in Bell County cause number 45,131, appellant pleaded guilty to
debit card abuse. The court adjudged him guilty and assessed punishment at imprisonment for two years
and a $500 fine, but suspended imposition of sentence and placed appellant on community supervision for
five years.

In November 1996, a hearing was held on the State's motions to revoke community
supervision in these two causes. Appellant pleaded true to the allegations in the motions, but testified to
his resolve to live up to his obligations in the future. At the conclusion of the hearing, the court announced
that it was going to continue appellant on probation. The court added, "I'm going to put this off until we
can have a further report, and we'll have this thing set up for review." The court warned appellant, "And
if your behavior in the next six months is not above reproach you can expect to have the judge revoke your
probation and sentence you to a number of years in the penitentiary."

Appellant returned to the district court on these causes at a hearing held in May 1997. His
probation officer testified that he had failed to make certain payments and had not completed a required
life skills course. Appellant also testified, admitted his violations, and offered an explanation. At the
conclusion of the hearing, the court revoked community supervision in both causes. In cause number
35,546, our cause number 3-97-360-CR, the court sentenced appellant to imprisonment for ten years. 
In cause number 45,131, our cause number 3-97-389-CR, the court sentenced appellant to imprisonment
for two years and a $500 fine.

Appellant has filed a motion to dismiss his appeal in number 3-97-389-CR. The motion
is granted. See Tex. R. App. P. 42.2.

In number 3-97-360-CR, appellant brings forward a single point of error complaining that
he was not afforded due process of law in the revocation proceedings. Specifically, appellant complains
that after continuing him on community supervision in November 1996, the court was not constitutionally
authorized to revoke supervision in May 1997 in the absence of a new motion to revoke alleging violations
occurring or discovered after the previous hearing. See Rogers v. State, 640 S.W.2d 248, 263 (Tex.
Crim. App. 1982) (opinion on second motion for rehearing).

In Rogers, the Court of Criminal Appeals held that after a probationer is returned to
probation following a hearing on a motion to revoke, due process requires that his probation cannot
thereafter be revoked unless (1) a new motion to revoke is filed and (2) it is determined at a hearing that
he violated the probationary conditions after being returned to probation (or an earlier violation was
subsequently discovered). It was further held, however, that a probationer waives these due process rights
if he fails to object either at the time the court continues him on probation or at the time his probation is
actually revoked. Id. at 263-64. Appellant was represented by counsel at both the November 1996 and
May 1997 hearings. Appellant voiced no objection at the November hearing when the court announced
that it would revisit in six